## TRAXLER et al. v. MORRIS et al.

### No. 28326.   Oct. 11, 1938.

Bryan Phillips, for plaintiffs in error.

W. B. McFadyen and A. J. Morris, for defendants in error.

DAVISON, J.   This is an appeal from a judgment of the district court of Caddo county wherein the court sustained a motion to strike from the files a motion to recall execution and order of sale in foreclosure proceedings.

It appears that A. J. Morris and Sam L. Wilhite, doing business under the firm name of Morris & Wilhite, filed their petition against Nell Tingley Traxler, C. C. Cummins, and C. L. Cummins for judgment upon a promissory note and to foreclose a mortgage against real estate.   No answer was filed by any of the defendants, and defendants were declared to be in default. Testimony of the plaintiffs was heard and judgment rendered upon the note and for foreclosure of the property.   Judgment was entered against Nell Tingley Traxler in the sum of $703.35 and costs, including attorney's fee of $100.   The other defendants are not mentioned in the judgment.

The record does not contain a copy of the petition, the exhibits, nor the process. We must conclude, therefore, that the proceedings were regular.   Execution and order of sale were issued on March 29, 1937, and notice of sale given, naming the date for sale as May 24, 1937.

On May 13, 1937, the defendant Nell Tingley Traxler filed a motion to recall the execution and order of sale and to quash the same, upon the grounds: (1) That the notice of sale does not conform to the judgment, which required that the premises be sold subject to all liens for taxes, the amount of which shall be shown in the notice of sale; (2) that the notice of sale does not show the amount of the judgment for which sale is made to satisfy; (3) that the judgment rendered in favor of the plaintiffs has been assigned and transferred prior to issuing the order of sale; that the assignee, the First National Bank of Anadarko, is entitled to the proceeds arising from the sale and that the notice of sale should so state; (4) that the execution and order of sale issued does not conform to the judgment rendered.

The sheriff made and filed his return in the sale proceedings and motion was filed on May 26, 1937, to confirm the sale.   On June 15, 1937, the plaintiffs filed a motion to strike from the files the motion of the defendant to recall the execution and order of sale.

The motion of defendant to recall and quash the execution and order of sale and the motion to strike were heard on June 15, 1927.   The sale having been made, the defendant's motion to recall the execution and order of sale was treated as a motion to set aside the sale.   The motion to strike was sustained.   This appeal was taken from the ruling of the court sustaining the motion to strike defendant's motion to recall and quash the execution and order of sale.

On the same day, June 15, 1937, the court heard the motion to confirm the sale, and the sale was confirmed and the sheriff ordered to pay to the First National Bank of Anadarko the sum of $703.35 with interest, the amount found in the foreclosure judgment to be due the plaintiff and assignor of said judgment.

No objections were made to the judgment confirming the sale.   There was no motion to set aside the sale.   The only contention of error presented by the defendant, as stated in her brief, is:

"Error of the court in sustaining the defendants in error's motion to strike from the files, the motion of plaintiffs in error to recall execution and order of sale and to quash the same, and rendering judgment thereon."

The defendant presents neither argument nor authorities in support of her motion to recall and quash the execution and order of sale.   Neither does she attempt to show any error on the part of the trial

court in striking same. This court will assume that the contention of error was abandoned.

Assignments of error not briefed by appellant and not supported by argument or citation of authorities are waived. Grand Lodge, A. O. U. W. of Oklahoma v. Hopkins, 175 Okla. 170, 52 P.2d 4; Belcher v. Spohn, 170 Okla. 139, 39 P.2d 87.

Finding no error in the judgment of the trial court, the same is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur. RILEY, PHELPS, CORN, and GIBSON, JJ., absent.